UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABAN EL CURRAGH; JAMHAL TALIB ABDULLAH BEY; LUCHA EL POR LIBERTAD; CONALD SOLIMAN QUIESQUEYANO BEY; JAMIL RASUL BEY; TARIFF SHARIF BEY,<br><br>                    Plaintiffs,<br><br>         -against-<br><br>COMMONWEALTH OF MASSASCHUSETTS, *et al.*,<br><br>                    Defendants. | 21-CV-7912 (LTS)<br><br>TRANSFER ORDER |

LORETTA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiffs bring this action *pro se* against the Commonwealth of Massachusetts; Governor Baker; Lieutenant Governor Karyn E. Polito; Secretary Marylou Sudders; Acting Commissioner Margaret R. Cooke; Middlesex County District Attorney Marian T. Ryan; Assistant District Attorney Graham Geoffrey Van Epps; the Massachusetts Executive Office of Health and Human Services Department of Public Health; the Massachusetts State Police; Massachusetts State Troopers Sgt. Burnham, Orlando, Mike Sullivan, Matthew McDevitt, Christopher G. Keane, and Ryan Casey; Malden District Court Judges Emily A. Karstetter and Peter Doyle; Malden District Court First Assistant Clerk Magistrate Erica Columbo; District Court Judge James L. LaMothe Jr.; Malden District Court Head Clerk Debra J. Duffy and Clerks Paula Baez and Charles Mongo; Essex County Sheriff's Department; Sheriff Kevin F. Coppinger; Lieutenant Sousa; Deputy Earl; Superintendent Aaron Eastman; Essex County House of Corrections Katy Chapplin; WarnerMedia (AT&T News Media); Viacom News Media; News Corporation News Media; and Comcast NBC Universal News Media.

Plaintiffs are currently incarcerated in the Middleton House of Correction and the Middlesex House of Correction and Jail in Massachusetts. They allege that public officials in Massachusetts violated their rights. Plaintiffs also assert defamation claims against media organizations for which they provide New York addresses. For the following reasons, this action is transferred to the United States District Court for the District of Massachusetts.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

For venue purposes, a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).

Plaintiffs filed this complaint regarding events occurring in Massachusetts. Plaintiffs list Massachusetts addresses for most defendants, and Plaintiffs do not allege that a substantial part of the events or omissions underlying his claim arose in this District. Thus, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Massachusetts, where Plaintiffs are incarcerated and where most Defendants reside. Massachusetts falls within the District of Massachusetts. *See* 28 U.S.C. § 101. Venue is therefore proper in the District of Massachusetts.[1] *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the District of Massachusetts. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Massachusetts. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] The Court transferred a similar complaint involving many of the same parties. *See Moorish Militia v. Commonwealth of Mass.*, ECF 1:21-CV-7910, 3 (S.D.N.Y. Sept. 23, 2021) (transferring complaint to the United States District Court for the District of Massachusetts).

[2] Only Plaintiff Aban El Curragh submitted a request to proceed *in forma pauperis* (IFP), and none of the Plaintiffs submitted a completed and signed prisoner authorization, as required under the IFP statute. *See* 28 U.S.C. §§ 1914, 1915.

5

The Clerk of Court is further directed to mail a copy of this order to Plaintiffs and note service on the docket.

SO ORDERED.

Dated: October 1, 2021
       New York, New York

_/s/ Laura Taylor Swain_<br>
LAURA TAYLOR SWAIN<br>
Chief United States District Judge